IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON D. HOLLAND,

      Plaintiff,

v.

KATHLEEN SEBELIUS, in her official
capacity as SECRETARY, HEALTH
AND HUMAN SERVICES,

      Defendant.

CIVIL ACTION NO.
1:13-CV-609-TWT-LTW

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant Kathleen Sebelius' Motion to Dismiss. Docket Entry [16]. For the reasons outlined below, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**. Docket Entry [16]. Additionally, as explained in the body of this Report and Recommendation, to the extent that Plaintiff is asserting claims arising from facts cited in the factual allegations section of her Amended Complaint but has not explicitly asserted such claims in the Counts of her Complaint, Plaintiff is **ORDERED** to amend her Complaint within thirty (30) days of the date of this Report and Recommendation in order to explicitly identify such claims, if she believes that she exhausted administrative remedies as to them.

## DEFENDANT'S MOTION TO DISMISS

Sharon Holland ("Plaintiff") filed the instant lawsuit on February 26, 2013,

alleging employment discrimination claims against the Secretary of the Department of Health and Human Services in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5 et seq ("Title VII"). Plaintiff subsequently amended her complaint on October 31, 2013, after obtaining counsel. Therein, Plaintiff alleges Defendant violated the Rehabilitation Act, 29 U.S.C. § 701 by (1) discriminating against her on the basis of her disability when Defendant transferred her to a position in which she had little experience and training; (2) failing to accommodate her disability when Defendant refused her request to adjust her work schedule and allow her to telecommunicate; and (3) terminating her in retaliation for her filing a claim alleging discrimination with the Center for Disease Control's Equal Employment Opportunity office. (Am. Compl. ¶ 1, Docket Entry [12]). Plaintiff also asserts that she is entitled to punitive damages for Defendant's wanton, willful, malicious, and reckless conduct and that she is entitled to an award of attorney's fees for Defendant's stubborn litigiousness. (Am. Compl. ¶¶ 50-53).

Plaintiff alleges she began working with the Centers for Disease Control ("CDC") in 1992. (Am. Compl. ¶ 6). In October 2005, Plaintiff injured her back lifting a cart while on the job. (Am. Compl. ¶ 8). Plaintiff filed a workers' compensation claim with the Office of Workers Compensation Programs ("OWCP") and the OWCP approved her claim. (Am. Compl. ¶ 9). Plaintiff maintains that in retaliation for her filing the workers's compensation claim and a 2005 EEO complaint, she was transferred to a new department and a new position as Office Automation Assistant. (Am. Compl. ¶ 10).

2

Plaintiff avers that beginning around October 2007, she was placed on permanent disability as a result of her back injury and did not report to the CDC during that time. (Am. Compl. ¶ 17). In August 2008, Plaintiff resumed her employment with the CDC and submitted forms for reimbursement of lost wages due to her medically-required part time schedule, but her manager would not approve her to receive leave without pay. (Am. Compl. ¶ 18). Plaintiff's manager asked Plaintiff for documentation of her condition, but Plaintiff inadvertently left off her doctor's signature. (Am. Compl. ¶ 19). As a result, Plaintiff's manager reprimanded Plaintiff. (Am. Compl. ¶ 20). According to Plaintiff, the medical documents set forth restrictions in the number of hours she was supposed to work, but her managers refused to abide by her doctor's directives. (Am. Compl. ¶ 21). Plaintiff also states that Defendant refused her request for permission to telecommute and to work a compressed schedule which would allow her to report at work by 7:00 a.m., so that she could reduce strain to her back caused by heavy commuter traffic. (Am. Compl. ¶¶ 22-23). As a result, Plaintiff and her union representative met with management to discuss accommodation of her work-related injury. (Am. Compl. ¶ 24). Plaintiff's managers requested more documentation from Plaintiff's doctor that Plaintiff alleges she had already provided. (Am. Compl. ¶ 25). Plaintiff subsequently filed a charge with the CDC Equal Employment Opportunity office ("CDC EEO"). (Am. Compl. ¶ 26). On January 2009, the CDC Acting Deputy Chief Operating Officer terminated Plaintiff's employment. (Am. Compl. ¶ 29). Plaintiff contends that Defendant discriminated against her on the basis of her disability

by failing to adjust her work schedule, denying her request to telecommunicate, and transferring her from a position in the Graphics Department to a position in the Management Analysis and Services Office.  (Am. Compl. ¶¶ 32-42).  Plaintiff alleges Defendant retaliated against her by terminating her employment with the CDC in retaliation for her filing a discrimination claim with CDC's EEO office.  (Am. Compl. ¶¶ 43-49).

In Defendant's Motion to Dismiss, Defendant contends that (1) Plaintiff's claim for punitive damages should be dismissed because the United States has not waived its sovereign immunity permitting itself to be sued for punitive damages and the Rehabilitation Act does not permit a plaintiff to recover punitive damages against a government agency; (2) Plaintiff's workers' compensation claims should be dismissed because the Court does not have subject matter jurisdiction over these claims; instead the Department of Labor has exclusive jurisdiction over them and its decisions are final and not subject to judicial review; and (3) Plaintiff's termination claim first raised before the Merit Systems Protection Board ("MSPB") should be dismissed because she failed to follow through with the administrative process in the MSPB and abandoned her claims there; and (4) Plaintiff's claims arising before August 19, 2008, that Defendant failed to reasonably accommodate her disability when Defendant refused to adjust her work schedule or allow her to telecommute, and Plaintiff's claim relating to an unwanted transfer in 2005, should be dismissed for Plaintiff's failure to exhaust administrative remedies because Plaintiff did not seek counseling in her EEO office

4

within forty-five days after the incidents occurred.

# I.    PLAINTIFF'S COMPLAINT/APPEAL HISTORY

## A.    Plaintiff's November 2008 Complaint With Her Agency's EEO Office

On October 2, 2008, Plaintiff contacted the EEO office for her agency ("EEO office") advising that she was filing a complaint in connection with several incidents that had occurred since she returned to service after her disability. (Decl. of Monica Diggs, hereinafter "Diggs Decl.," Ex. B, Docket Entry [16-2], p. 28). Therein, Plaintiff sought EEO counseling because her managers were not heeding the work restrictions given by her doctor, issued her a counseling memorandum, and placed her on Absent Without Leave ("AWOL") status instead of Leave Without Pay ("LWOP") status. (Diggs Decl., Ex. B, Docket Entry [16-2], p. 29-30). On November 12, 2008, the agency EEO office issued a notice of right to file a formal administrative complaint on the four claims addressed in Plaintiff's October 2, 2008 complaint including: (1) Defendant's decision to require Plaintiff to work a schedule that included days not released from medical care and the Defendant's threat of logging unworked time as AWOL instead of LWOP; (2) Defendant's issuance of a counseling memorandum for Plaintiff's failure to follow instructions; (3) Defendant's refusal to approve the work schedule suggested by Plaintiff's doctor; and (4) Defendant's decision to subject Plaintiff to a schedule that ignored her doctor's suggested medical restrictions. (Diggs Decl. ¶ 5C, Attach. C, Docket Entry [16-2], pp. 34-38). On November 25, 2008, Plaintiff filed a formal complaint with the EEO office. (Diggs Decl. ¶ 5D, Attach. D, Docket Entry [16-3], pp.

5

8-9). On or around February 18, 2009, while this EEO claim was pending, Plaintiff was informed that her employment with CDC had been terminated effective March 4, 2009. (Diggs Decl. ¶ 5E, Attach. E, Docket Entry [16-4], pp. 8-10).

**B.    Plaintiff's February 26, 2009 Appeal with the Merit System Protection Board and March 2, 2009 Attempt to Amend Her November Charge with Her Agency's EEO Office**

On February 26, 2009, Plaintiff appealed her termination to the Merit Systems Protection Board (MSPB). (Diggs Decl. ¶ 5F, Attach. F, Docket Entry [16-4], pp. 21-27). On March 2, 2009, Plaintiff requested to amend her November 2008 complaint before the EEO office to add a claim for retaliatory termination. (Diggs Decl. ¶ 5G, Attach. G, Docket Entry [16-4], pp. 32-33). On March 5, 2009, Plaintiff's agency's EEO office acknowledged receipt of Plaintiff's request to amend her EEO complaint. Id. Plaintiff's agency's EEO office also advised that because Plaintiff has filed an MSPB appeal, her EEO complaint will be held in abeyance until the MSPB reaches a decision. Id. During the course of the appeal, Plaintiff's union-appointed representative, Sheilia Miller, indicated that because she was not sufficiently familiar with MSPB procedures, she could not represent the Plaintiff effectively. (Docket Entry [16-4], p. 49, 51). Plaintiff terminated Miller's representation and proceeded to represent herself until counsel could be obtained. (Id.).

**C.    Plaintiff's Withdrawal of MSPB Appeal and EEO Office's Dismissal of Plaintiff's Termination Claim**

On April 7, 2009, the MSPB Administrative Judge held a status conference

6

concerning Plaintiff's appeal. (Pl.'s Ex. 1, Docket Entry [17-1], p. 1-2). According to the MSPB Administrative Judge, the purpose of the status conference was to ensure that the parties were talking with each other about settlement and to ensure orderly processing of the case scheduled for a hearing on May 7, 2009. (Pl.'s Ex. 1, Docket Entry [17-1], p. 1-2). During the hearing, the Administrative Judge discussed the elements of a claim that Plaintiff failed to maintain a regular work schedule and advised Plaintiff that she needed to be prepared to present evidence that the benefits of her successful OWCP claim had not ended. (Pl.'s Ex. 1, Docket Entry [17-1], p. 1-2). On April 15, 2009, Plaintiff voluntarily withdrew her MSPB appeal. (Diggs Decl. ¶ 5H, Attach. H, Docket Entry [16-5], pp. 8-21, Pl.'s Resp. 4; Decl. of Scott Briles, hereinafter "Briles Decl.," ¶ 4B, Attach. B, Doc. 16-6, p. 31). On April 15, 2009, at the end of a fourteen-page letter ultimately expressing Plaintiff's intent to withdraw her appeal, Plaintiff explained:

> Judge Klein, after our informal phone conference on April 7, 2009 and after careful consideration of all that was said during that conversation, I came to a decision. As of April 15, 2009, I, Sharon D. Holland am "withdrawing" my MSPB appeal . . . because I do not feel comfortable in proceeding based on the hostility I felt and comments made that indicated a decision had already been made before hearing my side, that is why this letter is so long, its my side.

(Diggs Decl., Ex. H, Docket Entry [16-4], p. 48). Because of this withdrawal, on April 23, 2009, the MSPB dismissed the appeal stating that the Plaintiff's withdrawal of her appeal was an act of finality "that *removes* the matter from the Board's jurisdiction." (Briles Decl. ¶ 4C, Attach. C, Docket Entry [16-6]), p. 35-36). The document advised

that unless Plaintiff files a petition for review or the Board reopens the case on its own motion, the decision will be final on May 28, 2009.  Id.  Plaintiff does not dispute that she did not pursue further action regarding the MSPB's initial decision.  (Briles Decl. ¶ 4C, Docket Entry [16-6], p. 3; Pl.'s Br. 5).  Months later, on August 17, 2009, Plaintiff notified CDC's EEO office that she withdrew her MSPB appeal.  (Diggs Decl. ¶ 5J, Attach. J, Docket Entry [16-5], p. 29).  On September 8, 2009, CDC's EEO office issued a final decision dismissing all of Plaintiff's claims. (Diggs Decl. ¶ 5K, Attach. K, Docket Entry [16-5], pp. 31-37).  With respect to Plaintiff's termination claim, the EEO concluded that because Plaintiff first filed her claim with the MSPB, the decision to do so constituted an election.  (Diggs Decl. ¶ 5K, Attach. K, Docket Entry [16-5], p. 35).  The EEO also concluded that the withdrawal of Plaintiff's appeal did not negate the fact that she initially elected to pursue the claim with the MSPB.  (Diggs Decl. ¶ 5K, Attach. K, Docket Entry [16-5], p. 35).  Plaintiff requested reconsideration by the Equal Employment Opportunity Commission's Office of Federal Operations, but Plaintiff's request was denied on November 29, 2012.  (Docket Entry [12-2], p. 2-3).  Plaintiff was granted the right to sue on November 29, 2012, and filed this action on February 26, 2013. (Am. Compl., Ex. B, Docket Entry [12-2]).

## II.   **LEGAL ANALYSIS**

### A.   **12(b)(1) Motion to Dismiss Standard**

An action may proceed in this Court only if federal subject matter jurisdiction exists.  Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir.

2004).  The plaintiff bears the burden of proof that subject matter jurisdiction does exist, and when challenged, the plaintiff must support the allegations.  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000); Chaney v. Rubin, 986 F. Supp. 516 (N.D. Ill. 1997) (finding that it was the plaintiff's burden to demonstrate that the district court instead of the Federal Circuit Court of Appeals had jurisdiction over the plaintiff's appeal of the MSPB's decision).  A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing an action under the Rehabilitation Act.  Tillery v. United States Dept of Homeland Sec., 402 F. App'x 421, 425 (11th Cir. 2010); Gaillard v. Shinseki, 349 F. App'x 391, 392 (11th Cir. 2009) ("A plaintiff asserting a private right of action under the Rehabilitation Act must satisfy the exhaustion of administrative remedies requirement in the manner prescribed by Title VII of the Civil Rights Act of 1964 . . . .");  Brown v. Snow, 440 F.3d 1259, 1263 (11th Cir. 2006); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999).

A party may challenge jurisdiction either facially or factually.  McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999).  A facial attack on the complaint "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  McMaster, 177 F.3d at 940.  A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings are considered.  McMaster, 177 F.3d at 940; Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  In a factual challenge,

a court is not required to assume a plaintiff's allegations are true, the court is free to weigh the evidence, and to evaluate the merits of the jurisdictional claims.  Dunbar, 919 F.2d at 1529.   The issue of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id.; Aldridge v. Potter, No. 8:08-CV-2034-T-30EAJ, 2009 WL 1039541, at *2 (M.D. Fla. Apr. 17, 2009).  However, the district court should only rely on Rule 12(b)(1) "[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action" and the parties have had a sufficient opportunity to develop a record.  Tillery, 402 F. App'x at 424; Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003).

In this case, the jurisdictional question, whether or not Plaintiff failed to exhaust her administrative remedies with respect to Plaintiff's termination claim, is appropriate for consideration on a motion to dismiss.  The jurisdictional issue does not implicate an element of Plaintiff's claims before this Court.  See, e.g., Tillery, 402 F. App'x at 424 (concluding that the facts concerning whether federal employee contacted EEO Counselor within forty-five days did not implicate the merits of an element of the plaintiff's claims); Aldridge, 2009 WL 1039541, *2 (viewing challenge to jurisdiction for failure to exhaust administrative remedies in Title VII case as factual attack and considering evidence outside the pleadings); Browder v. Potter, No. 2:07-CV-546-MEF, 2008 WL 822132, at *3 (M.D. Ala. Mar. 26, 2008) (finding that Court was free to weigh the evidence and evaluate merits of jurisdiction claim when defendant claimed federal employees case should be dismissed for lack of jurisdiction due to failure to complete

MSPB process).  Furthermore, with respect to the exhaustion issues in connection with Plaintiff's termination claim, the parties in this action have developed the record and have presented extensive evidence in support of their positions.  Accordingly, the exhaustion issues in connection with Plaintiff's termination claim will be reviewed as a factual attack and it is appropriate for the Court to review matters outside the pleadings and weigh and evaluate the evidence when adjudicating Defendant's Motion to Dismiss.

### B.  **Plaintiff Did Not Exhaust Her Administrative Remedies for Her Termination Claim**

Defendant contends that Plaintiff's termination claim should be dismissed because Plaintiff's withdrawal from the MSPB appeal process constituted a failure to exhaust her administrative remedies.  In support of this contention, Defendant argues that because Plaintiff filed her mixed case appeal with the MSPB before seeking to amend her EEO complaint to include the wrongful termination charge that was pending with her agency, Plaintiff's decision to file a mixed-case appeal with the MSPB was a binding election. Further, Defendant argues that the MSPB issued a decision on April 23, 2009, and advised that absent a petition from Plaintiff seeking review of this decision or the Board reopening the case on its own motion, the decision would become final on May 28, 2009.  Because neither of those conditions arose, the decision became final.  Defendant points out that even after the decision became final, Plaintiff did not timely file suit in the Court of Appeals for the Federal Circuit, petition the EEOC for review, or file suit in District Court.  Thus, Defendant concludes that even if Plaintiff's lawsuit is not

barred for failure to exhaust administrative remedies, it should be barred for Plaintiff's failure to timely file suit on her termination claim.

Plaintiff insists that she has exhausted all administrative remedies. Plaintiff contends that once the MSPB appeal was dismissed on jurisdictional grounds, she was free to pursue the retaliatory termination claims that were added to her original October 2, 2008 EEO complaint on March 2, 2009. Since the MSPB no longer had jurisdiction over the claims, Plaintiff asserts that she should have been permitted to amend her complaint in her agency's EEO office. Alternatively, Plaintiff states that the case falls into an exception to the exhaustion requirement because she was denied meaningful access to the administrative review process in two ways. First, Plaintiff's appointed representative's lack of knowledge about the MSPB process caused confusion and disruption to the appeal and ultimately caused its dismissal. Second, the agency's EEO office, in its failure to acknowledge that the MSPB appeal was dismissed on jurisdictional grounds, denied Plaintiff an opportunity to pursue her retaliatory termination claims. Finally, Plaintiff contends that her actions to comply with the good faith standard set by the courts are grounds to deny the Defendant's Motion. To this point, Plaintiff argues that she has met this standard by providing extensive notes, records, and relevant research regarding laws related to her claims, communicating at length with all involved parties to inquire about her administrative obligations, and documenting the dates and specific allegations of her claim.

1.     <u>Administrative Process</u>

A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action.  <u>Tillery</u>, 402 F. App'x at 425; <u>Brown</u>, 440 F.3d at 1263; <u>Crawford</u>, 186 F.3d at 1326; <u>Gaillard v. Shinseki</u>, 349 F. App'x 391, 392 (11th Cir. 2009) ("A plaintiff asserting a private right of action under the Rehabilitation Act must satisfy the exhaustion of administrative remedies requirement in the manner prescribed by Title VII of the Civil Rights Act of 1964 . . . ."). "The purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." <u>Crawford</u>, 186 F.3d at 1326.

When the employee's complaint alleges that certain personnel actions such as termination, reduction in grade, suspension for more than 14 days, or reduction in pay were affected by prohibited discriminatory motives, the employee may pursue two separate avenues of redress, but not both.  29 C.F.R. § 1614.302(b).  The employee may either file a mixed case appeal before the Merit System Protection Board or file a mixed case complaint through his or her agency.  29 C.F.R. § 1614.302(b).

a.     <u>Option One: MSPB Mixed Case Appeal Route</u>

Plaintiff initially filed a mixed case appeal with the MSPB.  The employee may appeal the entire case to the MSPB as a "mixed-case appeal."  5 U.S.C. § 7702; 29 C.F.R. § 1614.302.  The MSPB, an independent government agency, was created to ensure that all federal government agencies follow federal merit system practices, and

has the authority to adjudicate federal employees' appeals of agency personnel actions such as termination, reduction in grade or removal for unacceptable performance, suspension for more than 14 days, and reduction in pay.  5 C.F.R. § 1200.1, 1201.3. MSPB review of adverse employment actions was designed to protect federal employees from widespread politically motivated terminations whenever the party in power changed hands.  Chappell v. Chao, 388 F.3d 1373, 1375 n.1 (11th Cir. 2004).  Neither party disputes that Plaintiff filed a mixed case appeal of the termination decision in the MSPB on February 26, 2009.  See Pl.'s Br. 3 ("Pursuant to the notice of termination, Ms. Holland filed an appeal with the Merit Systems Protection Board ('MSPB') claiming that her termination was based on disability discrimination (thus constituting a 'mixed case.'"); Def.'s Br. 12 ("Clearly, Holland elected to pursue her mixed case claim for termination before the MSPB . . . .").  Thus, in this case, Plaintiff initially filed a mixed case appeal of the decision to terminate her before the MSPB.

An employee who is dissatisfied with the result of the MSPB decision has two avenues of appeal in a mixed case.  The employee may, within thirty days after notice of the MSPB's final decision, either petition the EEOC to consider the Board's decision or file a civil action in district court.  5 C.F.R. §§ 1201.157, 1201.120; 29 C.F.R. § 1614.303 ("Individuals who have received a final decision from the MSPB on a mixed case appeal or on appeal of a final decision on a mixed case complaint under 5 C.F.R. part 1201, subpart E and 5 U.S.C. § 7702 may petition EEOC to consider that decision").  When the employee elects to waive the discrimination issue, when

14

discrimination is not alleged in the appeal, or when the discrimination issue is abandoned below, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over the appeal of the MSPB decision.  28 U.S.C. § 1295(a)(9); Blake v. Dept of Air Force, 794 F.2d 170, 172 (5th Cir. 1986).

b.    Option 2: Mixed Case Complaint Route

Alternatively, the employee may file a mixed case complaint with his agency.  29 C.F.R. § 1614.302(b).  A federal employee who chooses to assert her mixed case complaint against the government through her agency's EEO office, must undergo two-steps: (1) informal counseling with an EEO counselor within forty-five days of the challenged employment act, and (2) the filing of a formal complaint with the employee's agency or department within fifteen days after the EEO counselor has issued a notice of right to file a discrimination complaint.  29 C.F.R. §§ 1614.302, 1614.105, 1614.106; Hendrix v. Snow, 170 F. App'x 68, 76 (11th Cir. 2006).  In a mixed complaint, after the claimant receives notification that the agency's EEO is dismissing her claims, the claimant may either file a civil action in federal district court or appeal the matter to the MSPB within thirty days of receipt of the agency's final decision.[1]  29 C.F.R. § 1614.302(d)(3); 29 C.F.R. § 1614.310(a).  The employee dissatisfied by the MSPB's decision may appeal the MSPB's final decision on a mixed case complaint to the EEOC

---

[1]  If a complainant wishes to preserve both claims, he or she must not pursue an appeal of the EEO decision with the EEOC.  Rather, he or she must file the appeal with the MSPB, or be deemed to have waived the non-discrimination claim.  Sloan v. West, 140 F.3d 1255, 1260 (9th Cir. 1998).

within thirty days of receipt of the final decision or within thirty days of when the decision of an MSPB field office becomes final.  29 C.F.R. § 1614.303(a), (c).  If the EEOC agrees with the MSPB's decision, the employee may appeal all the claims to district court for a de novo review within thirty days after receiving notice to appeal to the district court. 5 U.S.C. § 7702(b)(5)(a) & (e)(3); <u>Austin v. Merit Sys. Prot. Bd.</u>, 136 F.3d 782, 785 (Fed. Cir. 1998); 29 C.F.R. § 1614.310(c)-(d); 5 C.F.R. § 1201.161(f).

c. <u>Plaintiff Failed to Complete the Administrative Process When She Abandoned Her Appeal Before the MSPB</u>

Defendant contends that Plaintiff, by initially filing her appeal of the termination decision with the MSPB, elected to proceed there and was required to live with the consequences of her choice. Defendant further contends that Plaintiff, by dismissing her MSPB mixed case appeal, abandoned the appeal and failed to exhaust her administrative remedies.  Plaintiff responds that she was not bound by an election to proceed before the MSPB because she withdrew her claims and the MSPB dismissed her complaint for lack of jurisdiction.   Plaintiff argues that once the MSPB dismissed her appeal on jurisdictional grounds, she was free to pursue her retaliatory termination claim in her agency EEO office because the MSPB no longer had jurisdiction.  Additionally, Plaintiff argues that her agency's EEO office should have notified her of her right to amend her EEO complaint once her MSPB was dismissed on jurisdictional grounds.

Defendant is correct that when Plaintiff filed her appeal in the MSPB, she elected to proceed there.  Under 29 C.F.R. § 1614.302, the regulations explain: An aggrieved person may initially file a mixed case complaint with an agency . . . or an appeal on the

16

same matter with the MSPB pursuant to 5 C.F.R. § 1201.151, but not both.  29 C.F.R. § 1614.302; see also Kloeckner v. Solis, – U.S. –, 133 S. Ct. 596, 601 (2012) (noting that an employee bringing a mixed case may either file a complaint with the agency itself or, initiate the process by bringing her case directly to the MSPB, "forgoing the agency's own system for evaluating discrimination charges"); Miller v. Potter, 198 F. App'x 794, 796 (11th Cir. 2006); Hendrix v. Snow, 170 F. App'x 68, 76 (11th Cir. 2006) (noting that a plaintiff could not file an appeal both with the agency's EEO office and the MSPB); Economou v. Caldera, 286 F.3d 144, 149 (2d Cir. 2002).  The regulations clearly specify that a federal employee may not file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.  29 C.F.R. § 1614.302(b).  The regulations also provide that the agency must also advise the employee that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.  29 C.F.R. § 1614.302(b).  The binding election occurs as soon as a formal petition is filed in either forum.  29 C.F.R. § 1614.302(b); Devaughn v. United States Postal Serv., 293 F. App'x 276, 280 (5th Cir. 2008).  The federal government adopted the election requirement to avoid needless duplication of investigation and review by the MSPB and the EEO office within the agency.  Leak v. Runyon, 91 F.3d 131, 1996 WL 386609, at *4 (4th Cir. 1996) (citing 48 Fed.Reg. 19,705 (1983)); 48 Fed.Reg. 19,705 (explaining that the purpose of prior amendments to the regulations was "to eliminate the duplicative

complaint processing by federal agencies occurring with respect to mixed cases," that "the regulations specify that mixed case complaints may be rejected or cancelled by the respondent agency when brought before it if the aggrieved person has previously appealed the matter which forms the basis of the mixed case complaint to the MSPB," and that the regulations require an election between the EEO process and MSPB process).  Thus, because Plaintiff first filed her petition for review of the decision to terminate her to the MSPB, Plaintiff made a binding election to proceed there and she was bound to exhaust her administrative remedies before the MSPB.  Economou, 286 F.3d at 149; Stoll v. Principi, 449 F.3d 263, 265-66 (1st Cir. 2006) (explaining that the lodging of either a formal appeal with the Board or a formal complaint with the agency is the point of no return and that from that point going forward, the complainant must exhaust her remedies in the chosen forum); Harms v. I.R.S., 321 F.3d 1001, 1009 (10th Cir. 2003) (holding that "once a plaintiff chooses to file a mixed case appeal with the MSPB, he must exhaust administrative remedies in that forum before filing a civil action in federal district court").  When Plaintiff withdrew her claims from the MSPB, she abandoned those claims before the MSPB and failed to exhaust her administrative remedies there.  Devaughn, 293 F. App'x at 280-81; Economou, 286 F.3d at 14; Checketts v. Merit Sys. Prot. Bd., 50 F. App'x 979, 982 (Fed. Cir. 2002) (explaining that because the plaintiff initially elected to file her discrimination complaint with the agency, subsequently withdrew her EEO complaint and filed an appeal with the Board, she failed to exhaust administrative remedies with the agency EEO because she was

18

obligated to await the agency's final decision and she could not confer jurisdiction on the Board by prematurely terminating the process she elected to follow); Robey v. Potter, No. 1:08-CV-559-SEB-JMS, 2009 WL 113403, at *4 (S.D. Ind. Jan. 15, 2009). Furthermore, Plaintiff had thirty days after notice of the MSPB's May 18, 2009 final decision, to either petition the EEOC to consider the Board's decision or file a civil action in district court. 5 C.F.R. § 1201.157, 1201.120; 29 C.F.R. § 1614.303 ("Individuals who have received a final decision from the MSPB on a mixed case appeal or on appeal of a final decision on a mixed case complaint under 5 C.F.R. part 1201, subpart E and 5 U.S.C. § 7702 may petition EEOC to consider that decision"). Plaintiff did not file a complaint in this Court within thirty days and Plaintiff presents no evidence that she petitioned the EEOC to consider the MSPB's decision. See Compl. (Docket Entries [1, 3]; Briles Decl. ¶ 4(c)). Accordingly, Plaintiff failed to exhaust her administrative remedies.

Plaintiff argues she should have been permitted to exhaust her administrative remedies in her agency's EEO office, but her agency's EEO office did not appropriately handle her Complaint when it received notice that the MSPB determined that it did not have jurisdiction. Plaintiff maintains that once the MSPB dismissed her appeal on jurisdictional grounds, Plaintiff was free to pursue her termination claim. Under Plaintiff's theory, once the agency's EEO office received notification that the MSPB dismissed Plaintiff's suit for lack of jurisdiction, her agency's EEO office should have then notified her of her right to amend her EEO complaint to include her termination

19

claim, but did not do so.  Plaintiff bases her theory on language within 29 C.F.R. §

1614.302(b) which provides:

> (b) Election.  An aggrieved person may initially file a mixed case with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 C.F.R. § 1201.151, but not both.  An agency shall inform every employee who is the subject of an action that is appealable to the MSPB and who has either orally or in writing raised the issue of discrimination during the processing of the action of the right to file either a mixed case complaint with the agency or to file a mixed case appeal with the MSPB.  The person shall be advised that he or she may not initially file a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.  *If a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, the agency shall promptly notify the individual in writing of the right to contact an EEO counselor within 45 days of receipt of this notice and to file an EEO complaint, subject to § 1614.107.*  The date on which the person filed his or her appeal with the MSPB shall be deemed the date of initial contact with the counselor. . . .

29 C.F.R. § 1614.302(b) (emphasis added).  Plaintiff's interpretation of 29 C.F.R. §

1614.302(b), however, would render meaningless the language in the regulation that the

plaintiff cannot both file a mixed case complaint and an appeal on the same matter and

that wherever the complaint is initially filed will be considered an election to proceed

in that forum.  See United States v. Stricker, 524 F. App'x 500, 508-09 (11th Cir. 2013)

(avoiding interpretation of regulation which would render language meaningless or

surplusage); Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX

Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1195 (11th Cir. 2008) (explaining

that "[t]o the extent possible, the rules of statutory construction require courts to give

meaning to every word and clause in a statute" and "courts must reject statutory

interpretations that would render portions of a statute surplusage").  Plaintiff's

20

interpretation would also run contrary to the purpose behind the election requirement of avoiding duplication of review.  Thus, the reasonable interpretation of the language concerning dismissal of the appeal for jurisdictional reasons refers to situations in which the MSPB never had jurisdiction over the appeal in the first place, not situations in which the MSPB had jurisdiction, but then found that it was divested of it because the Plaintiff abandoned the process by withdrawing her claims.  Cf. Harms, 321 F.3d at 1009-10 (explaining that 29 C.F.R. § 1614.302 is inapplicable to situations where the employee files a mixed case appeal with the MSPB that is dismissed on procedural rather than jurisdictional grounds).  While the passage does reference situations in which the MSPB dismisses the Appeal for jurisdictional reasons and does not explicitly qualify the term "jurisdictional reasons," there are many other jurisdictional reasons for which the MSPB could dismiss an appeal that do not render meaningless the aforementioned language that the employee is required to make an election and that whichever complaint is filed first shall be considered an election to proceed in that forum.  See, e.g., Brady v. Postmaster Gen., United States Postal Serv., 521 F. App'x 914, 916 (11th Cir. 2013) (explaining that MSPB only has jurisdiction over claims involving preference eligible employees and that employees who were not preference eligible could not file mixed case appeal); Gruspe v. M.S.P.B. 324 F. App'x 917, 919 (Fed. Cir. 2009) (discussing situation in which the MSPB did not have jurisdiction over mixed case appeal because the employee was not terminated and instead resigned); Austin v. Winter, 286 F. App'x 31, 38 (4th Cir. 2008) (noting that MSPB dismissed employee's

21

mixed appeal because it had no jurisdiction due to the fact that she was a probationary employee). Allowing Plaintiff to proceed in the agency's EEO office after the MSPB's dismissal for any of these other situations where jurisdiction could be lacking in the MSPB is consistent with the avoidance of duplication purpose because the MSPB would not have jurisdiction in the first place. In this case, however, neither party questions that the MSPB initially had jurisdiction over Plaintiff's mixed case appeal or that Plaintiff had not properly filed a mixed case appeal with the MSPB. See Pl.'s Br. 3 ("Pursuant to the notice of termination, Ms. Holland filed an appeal with the Merit Systems Protection Board ('MSPB') claiming that her termination was based on disability discrimination (thus constituting a 'mixed case.'"); Pl.'s Br. 9 (noting that "the MSPB no longer had jurisdiction" after Plaintiff's voluntary dismissal); Def.'s Br. 12 ("Clearly, Holland elected to pursue her mixed case claim for termination before the MSPB . . . ."). The only reason Plaintiff's MSPB appeal was terminated for lack of jurisdiction was because of Plaintiff's voluntary choice to terminate the proceedings there after she decided she did "not feel comfortable in proceeding" due to the Administrative Judge's alleged hostility towards her claims. Thus, Plaintiff appears to have withdrawn her claim for forum-shopping purposes. Given that the federal government adopted the election requirement to avoid needless duplication of investigation and review by the MSPB and the EEO office within the agency, this Court is unable to conclude under these circumstances that 29 C.F.R. § 1614.302 allowed Plaintiff to proceed before the EEO after she withdrew her appeal in the MSPB. Leak, 1996 WL 386609, at *4. This

22

Court therefore concludes that the language in 29 C.F.R. § 1614.302 requiring the agency, after the MSPB dismisses a mixed case appeal for jurisdictional reasons, to notify the individual of the right to contact an EEO Counselor within forty-five days does not apply in the circumstances where no party questions the MSPB's initial jurisdiction over the mixed case appeal and the only reason the matter was dismissed before the MSPB was because the employee subsequently withdrew her claim and divested the MSPB of jurisdiction.

> 2.    Plaintiff Was Not Denied Meaningful Access to the Administrative Scheme

Plaintiff argues she was denied meaningful access to the administrative review scheme because the CDC's EEO failed to acknowledge that the MSPB appeal had been dismissed on jurisdictional grounds thus preventing her from pursuing the retaliatory termination claim through the CDC's EEO.  Plaintiff further contends that her appointed representative for the MSPB appeal indicated that she was not familiar with the MSPB appeal process and would not be helpful to Plaintiff.  (Pl.'s Resp. 11).  As a result, Plaintiff maintains that "[t]his caused a great deal of confusion and disruption to her appeal, and ultimately forced [her] to represent herself pro se up until the point she withdrew the appeal, resulting in the MSPB dismissing it on jurisdictional grounds." (Pl.'s Br. 11).

The Eleventh Circuit has concluded that when an employee is hampered by the action of an agency, he or she should not be deemed to have failed to comply with exhaustion requirements.  Lawrence v. G-UB-MK Contractors, 262 F. App'x 149, 154

23

(11th Cir. 2008); <u>Brown</u>, 440 F.3d at 1264.  When the plaintiff is claiming that lack of notice caused her to fail to exhaust administrative remedies, the plaintiff must show that (1) notice was defective; and (2) she detrimentally relied upon the notice.  <u>Miller</u>, 198 F. App'x at 796 (<u>citing</u> <u>Loudermilk v. Barnhart</u>, 290 F.3d 1265, 1268-69 (11th Cir. 2002).  The plaintiff must show a causal connection to a specific harm from the defect in the notice.  <u>Miller</u>, 198 F. App'x at 796.  As explained above, however, this Court concludes that 29 C.F.R. § 1614.302(b) did not require the agency's EEO office to allow Plaintiff to proceed there once her case was dismissed by the MSPB for lack of jurisdiction due to Plaintiff's abandonment of her claim before the MSPB.  Thus, Plaintiff's  agency's EEO office's failure to notify Plaintiff that she had the right to contact an EEO counselor within forty-five days of receipt of this notice and to file an EEO complaint was not defective notice.  Moreover, even if her agency's EEO office was required to give notice, Plaintiff still fails to demonstrate that the lack of notice is what caused her abandonment of the MSPB proceeding or failure to further exhaust her administrative remedies.  Plaintiff does not present any statement on her part that she was lulled into inaction from the lack of notice.  <u>Cf.</u> <u>Leak</u>,1996 WL 386609, at *4 (concluding that the Postal Service's failure to notify employee of his appeal rights as provided in 29 C.F.R. § 1614.302(b) did not help employee avoid the mandatory dismissal of his EEO complaint because employee failed to offer evidence remotely suggesting a causal connection between the Postal Service's failure to give him notice of his appeal rights and employee's choice to abandon his MSPB appeal and

subsequently file a related EEO complaint. Employee did not provide any affidavit stating that his actions would have been different if the Postal Service had notified him of his filing options); Stroud v. Winter, No. 3:08CV439, 2009 WL 790100, at *5 (E.D. Va. Mar. 24, 2009) (concluding that because defective notice did not cause the plaintiff to abandon her appeal before the MSPB, plaintiff could not show that she detrimentally relied on defective notice). Furthermore, while Plaintiff attempts to attribute unspecified "confusion and disruption" during her appeal to her representative's lack of knowledge about MSPB procedures, Plaintiff fails to present any evidence showing that her misstep in this case, abandoning her appeal before the MSPB, was caused by faulty advice from her representative or her representative's lack of knowledge. The evidence before the Court is that Plaintiff withdrew her claims before the MSPB because she did not like the way the MSPB Administrative Judge was handling her case. Additionally, a mistake of her representative does not excuse the Plaintiff's failure to exhaust because Plaintiff is bound by the acts or omissions of her chosen representative. Holmes v. Merit Sys. Prot. Bd., 26 F.3d 140 (1994); Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437-38 (Fed. Cir. 1986).

> 3.   Plaintiff's Failure to Exhaust Her Administrative Remedies Was Not Excused by a Good Faith Attempt to Adhere to the Administrative Scheme

This Court is also not persuaded that Plaintiff's "good faith effort to follow procedural steps" excused her failure to exhaust administrative remedies in this case. There is a theme in the Eleventh Circuit precedents that in determining whether an

employee has exhausted his administrative remedies, courts are to consider whether the complainant made a good faith effort to comply with the regulations and to provide all of the relevant, specific information available to her. Brown, 440 F.3d at 1263. The reasoning behind this is that the purpose of the exhaustion requirement is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Brown, 440 F.3d at 1263. Typically, this doctrine has been applied in cases where the employee filed her lawsuit prematurely and did not allow the EEOC process to be completed. See, e.g., Brown, 440 F.3d at 1263. It is unclear how this doctrine applies when the employee elects to proceed before the MSPB instead of her agency. However, to the extent that the doctrine applies, under the circumstances presented here, this Court cannot conclude that Plaintiff engaged in a good faith attempt to comply with the regulations. In this case, Plaintiff ceased following through with required administrative remedies when she abandoned her appeal before the MSPB. Although Plaintiff provided the MSPB with a fourteen-page letter discussing her claims, Plaintiff did so on the day she withdrew her appeal, thereby divesting the MSPB of jurisdiction over her appeal. Plaintiff also indicated in her correspondence with the Administrative Judge that she was withdrawing her appeal because, in her view, the MSPB Administrative Judge was hostile towards her and already prejudged her case, not because of any misunderstanding of how the appeals process worked. As a result, the MSPB was not given the opportunity to resolve the dispute. Under these circumstances, this Court cannot conclude that Plaintiff made a good faith effort to

follow procedural steps or cooperated in good faith.   Lawrence v. G-UB-MK Contractors, 262 F. App'x 149, 154 (11th Cir. 2008) (holding that employee did not cooperate in good faith when she terminated her appeal before the EEOC prior to expiration of EEOC's 180-day period to issue decision).

**C.    Exhaustion of Claims Challenging Plaintiff's 2005 Transfer and Arising Out of Plaintiff's Requests to Adjust Her Work Schedule Prior to 2007**

Defendant contends that to the extent that Plaintiff is pursuing claims arising prior to August 19, 2008, which are not explicitly raised in the Counts in Plaintiff's Complaint, but stem from facts discussed within the factual allegations section of the Complaint, the claims should be dismissed because Plaintiff also failed to exhaust her administrative remedies as to them.  In support, Defendant contends that Plaintiff had forty-five days after such incidents to pursue her agency's EEO office's review of such claims and incidents discussed in Plaintiff's factual allegations occurred more than forty-five days before her initial contact with the EEO on October 2, 2008.  Although Defendant argues Plaintiff's claims pertaining to any incident occurring prior to August 19, 2008, are time-barred, Defendant does not identify any such incidents.  Defendant further contends that any incident occurring after the November 26, 2008 conclusion of pre-complaint processing are also barred for failure to exhaust.  Defendant, however, does not identify any incident occurring after November 26, 2008, which is time-barred. Instead, Defendant only expressly identifies two claims asserted within the Counts of Plaintiff's Amended Complaint which Defendant contends are time-barred: (1)

27

Plaintiff's allegations in Count I of her Complaint that Defendant failed to reasonably accommodate her disability when Defendant did not adjust Plaintiff's work schedule or allow her to telecommute; and (2) Plaintiff's allegations in Count II that Defendant transferred her to a position for which she had little experience or training in October 2005.

Defendant leaves it to the Court to guess as to whether (1) Plaintiff is asserting claims arising out of factual allegations not explicitly addressed in the Counts in her Amended Complaint; (2) what such claims are; and (3) whether the claims accrued prior to August 19, 2008, or after November 26, 2008. Further complicating matters, Plaintiff responds without identifying whether she is asserting any such claims not specifically referred to in her Counts and then asserts that such unidentified claims would not be time-barred under a continuing violation theory. Defendant's reply only addresses the claims specifically referenced in Counts I and II relating to the undesired transfer and the failure to accommodate Plaintiff's request to telecommute or to change her work schedule. Defendant's Reply does not address any potential claims arising out of Plaintiff's factual allegations that were not asserted in the Counts in Plaintiff's Complaint and does not analyze whether the continuing violation theory might revive such claims.

The manner in which the parties have presented the argument is confusing, under-developed, and resembles two ships passing in the night. This Court is not under an obligation to distill and develop Defendant's Motion to Dismiss argument for Defendant

and declines to do so.  United States Steel Corp. v. Astrue, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (declining to address argument because it was perfunctory and underdeveloped and not supported by citation to authority); Flanigan's Enters., Inc. v. Fulton Cnty., 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument), superceded by statute on other grounds, 596 F.3d 1265 (11th Cir. 2010); Resolution Trust Corp. v. Dunmar, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it.").  Thus, this Court will solely address the arguments explicitly made and developed in Defendant's brief.  Defendant argues the following claims are time-barred:  (1) Plaintiff's allegations in Count I of her Complaint that Defendant failed to reasonably accommodate her disability when Defendant did not adjust Plaintiff's work schedule or allow her to telecommute; and (2) Plaintiff's allegations in Count II that Defendant transferred her to a position for which she had little experience or training in October 2005.  To the extent that Plaintiff is asserting claims arising from facts cited in the factual allegations section but not asserted in the Counts of her Complaint, Plaintiff is **ORDERED** to amend her Complaint within thirty (30) days of the date of this Report and Recommendation in order to explicitly identify such claims, to the extent she believes that she exhausted administrative remedies as to such claims.  As to any such claims, Defendant's Motion should be **DENIED WITHOUT PREJUDICE** at this time.

1.    <u>Rule 12(b)(6) Motion to Dismiss Standard</u>

Defendant's challenge with respect to Plaintiff's failure to comply with the forty-five day rule for contact with an EEO counselor is not a jurisdictional question. <u>Ramirez v. Sec'y, United States Dep't of Transp.</u>, 686 F.3d 1239, 1243 (11th Cir. 2012); <u>Mathis v. Kerry</u>, No. 5:12-CV-70 (CAR), 2014 WL 793996, at *4 (M.D. Ga. Feb. 27, 2014). The forty-five day requirement functions as a statute of limitations and "like a statute of limitations, it is subject to waiver, estoppel, and equitable tolling. <u>Id.</u> at 1243. Thus, the 12(b)(6) motion to dismiss standard is applied when assessing Plaintiff's claim. Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford Cnty.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992). A Rule 12(b)(6) motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest the required elements of the claim. <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1296 (11th Cir. 2007); <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003).

30

Because the exhaustion challenge is not jurisdictional, for purposes of reviewing Defendant's Motion to Dismiss, the allegations of Plaintiff's Amended Complaint will be accepted as true and only Plaintiff's Complaint, attachments to the Complaint, and documents central to Plaintiff's claim will be considered.  Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); Lord Abbett Mun. Income Fund, Inc. v. Tyson, No. 1:10-CV-477-WKW [WO], 2011 WL 197959, at *2 (M.D. Ala. Jan. 20, 2011) (stating that documents central to the plaintiff's claim are considered in connection with a facial challenge).  Defendant has referenced Plaintiff's notice of right to file a formal EEO complaint with the agency.  The notice is central to Plaintiff's claims and may be considered in connection with Defendant's Motion to Dismiss.  Patterson v. VMW, Inc., No. 1:11-CV-3172-WSD-SSC, 2012 WL 3261290, at *4 (N.D. Ga. June 15, 2012); Howell v. Douglas Cnty. Sch. Dist., No. 1:07-CV-1873-TWT, 2008 WL 1815587, at *4 n.2 (finding court could consider EEOC charge on motion to dismiss because charge was central to the plaintiff's claim).

> 2.   Plaintiff's Reasonable Accommodation Claim Relating to Her Work Schedule

Defendant contends that Plaintiff's claims that Defendant denied her a reasonable accommodation in Count I of her Complaint is time-barred because "her factual allegations preceding Count One indicate that she was on 'permanent disability' beginning October 2007, and that before October 2007 she had sought to adjust her schedule to work limited hours Tuesday through Thursday, and to work from home

31

(telecommute) on Mondays and Fridays." (Def.'s Br. 18). Defendant does not cite to the allegations of Plaintiff's Amended Complaint upon which Defendant relies upon to support the notion that Plaintiff sought an accommodation from Defendant prior to October 2007.

As noted above, an aggrieved federal employee who seeks to pursue Rehabilitation Act claims in federal court must begin the administrative process with her employing agency. Gaillard v. Shinseki, 349 F. App'x 391, 392 (11th Cir. 2009) ("A plaintiff asserting a private right of action under the Rehabilitation Act must satisfy the exhaustion of administrative remedies requirement in the manner  prescribed by Title VII of the Civil Rights Act of 1964 . . . ."). Specifically, the employee first must consult a counselor in the employing agency's EEO office within forty-five days of the alleged discriminatory event or the effective date of the personnel action. 29 C.F.R. § 1614.105(a)(1); Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008). Generally, when the claimant does not initiate contact within the forty-five-day charging period, the claim is barred for failure to exhaust administrative remedies. Shiver, 549 F.3d at 1344; Brown, 440 F.3d at 1264-65 (11th Cir. 2006).

This Court does not agree with Defendant's conclusion that Plaintiff's factual allegations in her Amended Complaint stand for the proposition that she sought adjustment to her schedule outside the limitations period. Plaintiff states that beginning on October 2007 through August 2008, she was placed on permanent disability due to a back injury and did not report to the CDC during this time period. (Am. Compl. ¶ 17).

In August 2008, Plaintiff resumed her employment with the CDC.  (Am. Compl. ¶ 18).
Plaintiff also attaches the charge she filed with the CDC's EEO to her Amended
Complaint and the charge provides that Plaintiff returned to work on August 19, 2008.
(Am. Compl., Ex. 1, Docket Entry [12-1], p. 8).  Plaintiff's Amended Complaint further
provides that shortly after Plaintiff resumed her employment with the CDC, Plaintiff
requested a reduced-hour work schedule and to telecommute as an accommodation for
her back injury.  (Am. Compl. ¶¶ 21-23).  Plaintiff states in her charge that on August
19, 2008, through the date of the charge, her doctor had only partially released her to
return to work for a part-time schedule.  (Am. Compl., Ex. 1, Docket Entry [12-1], p. 9-
17).  Plaintiff further states, "The OWCP doctor orders/restrictions turned into Ms.
Holland's management were dated October 21, 2008, September 19, 2008, and August
19, 2008."  (Am. Compl., Ex. 1, Docket Entry [12-1], p. 17).  Plaintiff asserts that in
October 2008, she and her union representative met with CDC management to discuss
Plaintiff's request for an accommodation, but management requested additional
documentation from Plaintiff's doctor that Plaintiff could not supply within the time
period management wanted her to supply the documentation.  (Am. Compl. ¶¶ 25-29).
Accordingly, Plaintiff's request for an accommodation was never granted, and she was
subsequently terminated.  (Am. Compl. ¶¶ 28-29).  Thus, based on the allegations in
Plaintiff's Complaint and her attached charge, the events comprising Plaintiff's
accommodation claim appear to have occurred on August 19, 2008, and afterwards.
Plaintiff's initial contact with her agency's EEO office occurred less than forty-five days

later on October 2, 2008, and was timely.  (Am. Compl., Ex. 1, Docket Entry [12-1], p. 5) (indicating that the filing date for Plaintiff's intake for her agency complaint was October 2, 2008).  Therefore, this Court cannot agree with Defendant that Plaintiff's accommodation claim is time-barred.

3. <u>Plaintiff's Transfer</u>

This Court agrees with Defendant, however, that Plaintiff's claim in Count II relating to her transfer to another position in October 2005 was time-barred.  Plaintiff far exceeded the forty-five day filing period when she filed her initial charge with the EEOC approximately three years later in October 2008.  (Am. Compl., Ex. 1, Docket Entry [12-1], p. 5).  Plaintiff argues, however, that her time-barred claims are preserved by her EEO Charge because the conduct complained of therein constitutes a continuing violation of the Rehabilitation Act.

This Court disagrees with Plaintiff's theory that the continuing violation theory rescues this claim.  "The continuing violations doctrine allows for otherwise time-barred claims to be heard when those claims are part of a continuous discriminatory employment practice and an instance of that practice is alleged in a timely filed charge of discrimination."  <u>Pizzini v. Napolitano</u>, No. 10-61498-CIV, 2011 WL 2535276, at *5 (S.D. Fla. June 17, 2011); <u>see also</u> <u>McCann v. Tillman</u>, 526 F.3d 1370, 1378 (11th Cir. 2008) (holding that although "offensive statements occurred outside the statutory time period as long as 'an act contributing to the hostile work environment claim occurs within the filing period, the entire time period of the hostile environment may be

34

considered by a court for the purposes of determining liability'"); <u>Calloway v. Partners Nat'l Health Plans</u>, 986 F.2d 446, 449 (11th Cir. 1993).  The continuing violation theory, however, is not applicable to the facts of this case because Plaintiff's transfer was a discrete act of discrimination.  <u>McCann</u>, 526 F.3d at 1379.  Discrete acts are not actionable when time-barred because discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify and constitute a separate unlawful employment practice.  <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101, 110-14 (2002); <u>Gowski v. Peake</u>, 682 F.3d 1299,1312-13 (11th Cir. 2012); <u>Freeman v. City of Riverdale</u>, 330 F. App'x 863, 866 (11th Cir. 2009) (categorizing termination, assignment of janitorial tasks, and denial of request for training as discrete acts); <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 970 (11th Cir. 2008) (recognizing that hiring decisions and work assignments constituted discrete acts); <u>Meidling v. Walgreen Co.</u>, No. 8:12-CV-2268-T-30TBM, 2014 WL 2700742, at *4 (M.D. Fla. June 13, 2014) (concluding that involuntary transfer was a discrete act of discrimination and continuing violation theory could not rescue transfer claim).  Accordingly, Plaintiff's claim in Count II of her Complaint relating to her 2005 transfer is time-barred and should be **DISMISSED**.  <u>See, e.g.</u>, <u>Holder v. Nicholson</u>, 287 F. App'x 784, 793 (11th Cir. 2011) (concluding that continuing violation theory did not rescue termination claim occurring outside the forty-five day period for presenting issue to EEO counselor because termination was discrete act of discrimination).

AO 72A
(Rev.8/82)

### D.    Plaintiff's Punitive Damages Claims

Plaintiff contends that Defendant's actions have been willful, malicious, fraudulent, oppressive, and reckless and that as a result, she is entitled to punitive damages. Defendant argues Plaintiff's punitive damages claim should be dismissed because sovereign immunity bars Plaintiff's claim for punitive damages. Plaintiff does not respond to Defendant's argument. Accordingly, Defendant's Motion should be **GRANTED** as to Plaintiff's punitive damages claim because she abandoned it. Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001); Bute v. Schuller Int'l Inc., 998 F. Supp. 1473, 1477 (N.D. Ga. 1998) (finding plaintiff abandoned a claim for retaliation under the ADA by failing to respond to defendant's argument on summary judgment that plaintiff failed to exhaust administrative remedies); Marion v. DeKalb Co., GA, 821 F. Supp. 685, 688-89 n.4 (N.D. Ga. 1993) (holding that plaintiff abandoned his negligence claim by failing to respond to defendant's motion for summary judgment on this issue in plaintiff's response brief); see also Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (en banc) (stating that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned" while declining to exercise its discretion to consider on appeal an argument in response to defendant's motion for summary judgment which plaintiff had previously failed to allege).

### E.    OWCP Benefits

Defendant argues Plaintiff's workers' compensation claims should be dismissed.

In support, Defendant contends that Plaintiff's Amended Complaint could be construed to be seeking a favorable disposition of her denied requests for additional benefits from the OWCP.  Defendant argues the Federal Employees' Compensation Act grants exclusive jurisdiction over all claims for workers' compensation benefits to a separate agency, the OWCP.  Plaintiff responds that she is not alleging any wrongdoing on the part of the OWCP and indeed, all of her claims submitted to the OWCP were approved by the OWCP.  Plaintiff states that her arguments stem from the fact that despite approval of her workers' compensation claims, Defendant refused to compensate her for her leave without pay and continuation of pay benefits and failed to reasonably accommodate her injuries.  Plaintiff argues Defendant's refusal to do so constituted discriminatory treatment against Plaintiff because of her disability.  This Court agrees with Plaintiff in that her Complaint does not appear to set forth a claim in connection with any OWCP decision to deny Plaintiff's requests for additional benefits.  Thus, there is no claim presented in Plaintiff's Complaint on this issue for the Court to dismiss.

## CONCLUSION

Based on the foregoing reasons, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.  Docket Entry [16].  Additionally, as explained in the body of this Report and Recommendation, to the extent that Plaintiff is asserting claims arising from facts cited in the factual allegations section of her Amended Complaint but has not explicitly asserted such claims in the Counts of her Complaint, Plaintiff is **ORDERED** to amend her Complaint within thirty (30) days of the date of this Report

AO 72A
(Rev.8/82)

and Recommendation in order to explicitly identify such claims if she believes that she exhausted administrative remedies as to them.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this  8  day of August, 2014.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON D. HOLLAND,

     Plaintiff,

v.                               CIVIL ACTION NO.
                                     1:13-CV-609-TWT-LTW

KATHLEEN SEBELIUS, in her official
capacity as SECRETARY, HEALTH
AND HUMAN SERVICES,

     Defendant.

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Courts Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings

will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this  8   day of August, 2014.


/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE